IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| JUST ADD WATER, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3:04-CV-2085-H |
| | * | |
| EVERYTHING BUT WATER, INC., | * | |
| | * | |
| Defendant. | * | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are Defendant's Motion to Dismiss, filed March 31, 2005; Plaintiff's

Response, filed April 20, 2005; and Defendant's Reply, filed April 29, 2005.  For the following

reasons, Defendant's Motion is GRANTED in part and DENIED in part.

**I.      Background**

Taking Plaintiff's complaint as true, Plaintiff and Defendant reached an agreement in or

about 1985. (Compl. at 4.)  Pursuant to the agreement, "Defendant agreed to stop using the [Just Add

Water ("JAW")] trademarks and to adopt and use a new trademark.  Defendant further agreed to

limit the use of the new trademark geographically [to outside Texas] in exchange for JAW refraining

from enforcing its superior trademark rights against Defendant." (*Id.*)  In 2002, Defendant opened

a store in Dallas and begun to sell its "new" trademark, Everything But Water. (*Id.*)

Plaintiff alleges that Defendant committed various violations of federal and state trademark

and competition laws and breach of contract.  Defendant now moves to dismiss Plaintiff's complaint.

1

The Court has subject matter jurisdiction over Plaintiff's federal trademark infringement and false designation of origin claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. The Court has supplemental subject matter jurisdiction over Plaintiff's Texas common law and statutory claims.

## II.    Standard

In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them. *See Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). "Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. . . . Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions [such as Rule 9(b)]." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Generally, the Court may not look beyond the pleadings, except in instances where public officials' qualified immunity is raised. *See Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 936 (5th Cir. 1988).

Dismissal for failure to state a claim is not favored by the law. *Mahone*, 836 F.2d at 926. A Plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Adolph v. Federal Emergency Management Agency*, 854 F.2d 732, 735 (5th Cir. 1988) (The court may dismiss a claim under Rule 12(b)(6) only if "it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations or if the allegations, accepted as true, do not present a claim upon which relief can be

2

legally obtained.")  However, "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Mahone*, 836 F.2d at 927 (emphasis in original).

### III.    Analysis

### A.    Texas Statute of Frauds

Because Defendant's Motion addressing Counts I-V of the Complaint depends to a certain extent on the validity of the alleged agreement between the parties, the Court first addresses whether such an agreement falls within the Statute of Frauds.  The Texas Statute of Frauds requires that any agreement which is "not to be performed within one year from the date of making the agreement" must be in writing.  TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (Vernon 2005).  Contracts of indefinite length which may be performed within one year fall outside the Statute of Frauds: if an agreement "can cease upon some contingency, other than by some fortuitous event or the death of one of the parties, the agreement may be performed within one year, and the statute of frauds does not apply."  *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 184 (5th Cir. 1995) (applying Texas law).

The alleged oral contract in the instant case is one which struck a bargain that Plaintiff would not sue if Defendant ceased using its infringing mark and did not use its new mark, "Everything But Water," in Texas.  (Compl. at 4-5.)  This is a contract which could have been performed in one year upon the discontinuation of Defendant's mark.  Therefore, the Court concludes that the contract falls outside the Statute of Frauds and is enforceable.  Plaintiff has properly pled the elements of breach of contract under Texas law.  *See Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003) (applying Texas law).  Accordingly, Defendant's Motion to Dismiss Count VI of Plaintiff's

Complaint related to breach of contract is **DENIED**.

### B.      Laches

Laches is an inexcusable delay in taking legal action that prejudices the defendant. *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 668 (5th Cir. 2000) (quoting *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985)). "Laches comprises three elements: (1) delay in asserting one's trademark rights, (2) lack of excuse for the delay, and (3) undue prejudice to the alleged infringer caused by the delay." *Id.* (citing *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998)). *See also Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1082 (5th Cir. 1997) (citing Texas cases).

Some circuits have applied a rebuttable presumption of laches in trademark infringement cases where a plaintiff failed to raise the claim within the statute of limitations period of the most analogous state law claim. *See, e.g.*, *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408-10 (6th Cir. 2002) (applying presumption of laches where plaintiff failed to bring claim after three years of having constructive knowledge of accrual of cause of action); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996) (applying six year period for purposes of establishing rebuttable presumption of laches). The Fifth Circuit has yet to do so in trademark infringement cases.

The Fifth Circuit has, however, established such a presumption in patent infringement cases. *See, e.g.*, *Studiengesellschaft Kohle mBH v. Eastman Kodak Co.*, 616 F.2d 1315, 1326 (5th Cir. 1980) (applying six year statute of limitation as period establishing rebuttable presumption of unreasonable delay in patent infringement cases); *Altech Controls Corp. v. E.I.L. Instruments, Inc.*, 33 F. Supp. 2d 546, 553-55 (S.D. Tex. 1998); *see also A.C. Auckerman Co. v. R.L. Chaides Const.*

*Co.*, 960 F.2d 1020, 1034-35 (Fed. Cir. 1992) (citing cases).   However, trademark cases are inherently different than patent cases since patents are of limited duration. *See A.C. Auckerman Co.*, 960 F.2d at 1040.   Accordingly, without more, the Court refuses to impose a period within which a trademark infringement claim must be raised before the plaintiff faces a presumption of laches.

Additionally, the Court finds that even if a rebuttable presumption could be applied in the context of a motion to dismiss, the progressive encroachment of a infringing mark may provide an excuse for an otherwise unreasonable delay. *See, e.g., Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 794 (7th Cir. 2002).   Here, Plaintiff has pled a progressive geographic encroachment when Defendant entered the Texas market without Plaintiff's consent.   (Compl. at 4-5.)   The Court finds this sufficient to overcome Defendant's Motion to Dismiss based upon laches.   Accordingly, Defendant's Motion to Dismiss Plaintiff's Counts I-V for laches is **DENIED**.

**C.     Acquiescence**

Whereas laches is passive consent to a defendant's alleged infringement, acquiescence constitutes a plaintiff's active consent to a defendant's use of an allegedly infringing mark. *See ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic and Sports Physical Therapy, P.C.*, 314 F.3d 62, 67-68 (2d Cir. 2002); *Conan Props., Inc.*, 752 F.2d at 151.   Such consent equates to a guarantee to not sue a defendant for use of its allegedly infringing mark. *See ProFitness Physical Therapy Ctr.*, 314 F.3d at 67-68.

In the instant case, Plaintiff agreed not to sue Defendant for use of its mark so long as that mark was used outside of Texas.   (Compl. at 4-5.)   Defendant claims this constitutes acquiescence. (Def.'s Mot. at 2-3; Def.'s Reply at 3-4.)   Based upon Plaintiff's pleadings, the Court finds that it is possible that Plaintiff's acquiescence was contingent upon Defendant not using Defendant's mark

in Texas and that if Defendant did use the mark in Texas, that Plaintiff would withdraw any acquiescence it may have granted. The Court also finds that Plaintiff's inaction to protect its mark nationally may have been dependent upon its contingent acquiescence. *See Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 366-67 (5th Cir. 2004). Based upon these factors, the Court concludes that Plaintiff has stated a cause of action and therefore that it would be improper to dismiss Plaintiff's case on grounds of acquiescence. Accordingly, Defendant's Motion to Dismiss Plaintiff's Counts I-V on grounds of acquiescence is **DENIED**.

> D.      **Trademark Infringement Claims**

Defendant also moves to dismiss Plaintiff's Complaint for failure to allege the elements of the various causes of action under which Plaintiff seeks recovery. The Court addresses each of Plaintiff's claims below.

> 1.      **Federal and State Trademark Infringement (Counts I, IV) and Texas**
>
> **Unfair Competition (Count III)**

To state a claim for trademark infringement, a plaintiff must allege that another person has used "(1) any reproduction, counterfeit, copy or colorable imitation of a mark (2) without the registrant's consent (3) in commerce (4) in connection with the sale, offering for sale, distribution or advertising of any goods (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *Svc. Merchandise Co. v. Svc. Jewelry Stores, Inc.*, 737 F. Supp. 983, 991 (S.D. Tex. 1990); 15 U.S.C. § 1114(1). Defendant argues that Plaintiff has failed to allege that confusion exists between the marks of Plaintiff and Defendant. (Def.'s Mot. at 5.) "In determining whether a likelihood of confusion exists, courts consider the following nonexhaustive list of factors: (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the

products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion." *Weschester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 664 (5th Cir. 2000). A plaintiff need not establish that each or a majority of the factors listed weigh in her favor. *See id.*; *Svc. Merchandise Co.*, 737 F. Supp. at 991. "A 'likelihood of confusion' means that confusion is not just possible, but probable." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 483-84 (5th Cir. 2004). "The likelihood of confusion standard also governs [Plaintiff's] claims for trademark infringement and unfair competition under Texas" and federal law. *Id.* (internal citations omitted).

Plaintiff alleges in a conclusory fashion, that Defendant's marks are likely to cause confusion because of "various acts" conducted by Defendant and that the marks are "confusingly similar." (Compl. at 5-6.) This boilerplate language is insufficient to establish a cause of action for trademark infringement. Accordingly, Defendant's Motion to Dismiss Plaintiff's trademark infringement claim (Count I) is **GRANTED**. Because the standard is the same for Plaintiff's Texas trademark infringement claim (Count IV) and unfair competition under federal and Texas law (Count III), Defendant's Motion must also be **GRANTED** as to those claims.

### 2.    False Designation of Origin (Count II)

To establish a claim for false designation of origin, a plaintiff must show:

(1) that the defendant made a false statement of fact about its product in a commercial advertisement; (2) that the statement actually deceived or has a tendency to deceive a substantial segment of its audience; (3) the deception is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff[] ha[s] been or [is] likely to be injured as a result.

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001). Plaintiff's

conclusory allegations lack any factual support for the claim. Accordingly, Defendant's Motion to Dismiss Plaintiff's false designation of origin claim under 15 U.S.C. § 1125(a) is **GRANTED**.

### 3.     Injury to Business Reputation and Dilution (Count V)

Plaintiff alleges that Defendant's actions injured its business reputation and diluted its trademark in violation of Texas law. TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2005). Texas law provides broader protection for service marks than does federal law. *Svc. Merchandise Co.*, 737 F. Supp. at 999. Again, Plaintiff's pleadings fall short of the factual allegations necessary to support the injury to business reputation and dilution claims even under Texas law. *See Sefton v. Jew*, 201 F. Supp. 2d 730, 750 (W.D. Tex. 2001). Accordingly, Defendant's Motion to Dismiss Plaintiff's injury to business reputation and dilution claim is **GRANTED**.

## IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's breach of contract claim (Count VI) and **GRANTED** as to Plaintiff's remaining claims (Counts I-V). Plaintiff may file an amended complaint no later than **noon, June 1, 2005**. Failure to do so will result in a dismissal with prejudice of Plaintiff's Counts I-V.

SO ORDERED.

DATED: May 18, 2005

**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

8