IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| JUST ADD WATER, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3:04-CV-2085-H |
| | * | |
| EVERYTHING BUT WATER, INC., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendant's

Counterclaims for Failure to State a Claim, and supporting brief, filed July 6, 2005; Defendant's

Response and supporting brief, filed July 26, 2005; and Plaintiff's Reply Brief and Appendix, filed

August 10, 2005. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

**I.      Background**

This case stems from a dispute between two retail swimwear businesses for alleged

mutual trademark violations, unfair competition, breach of contract, and various other causes of

action related to the parties' competing in the same markets. By Memorandum Opinion and Order

of May 18, 2005, the Court denied Defendant's motion to dismiss Plaintiff's complaint on grounds

of laches, acquiescence and statute of frauds. In the same order, the Court granted Defendant's

motion to dismiss Counts I-V of Plaintiff's Complaint (common-law unfair competition, false

designation of origin, injury to business reputation and dilution, and federal and state trademark

infringement claims) for failure to allege the offenses with sufficient specificity.  On July 11, 2005, with the Court's permission, Plaintiff filed its Second Amended Complaint remedying the pleading defects and reinstating those claims.

On June 13, 2005, Defendant filed ten counterclaims against Plaintiff.  In the motion presently before the Court, Plaintiff asks for dismissal of Counterclaims III (tortious interference with prospective business relationship), IV (fraudulent misrepresentation), VIII (federal trademark infringement), IX (false representation), and X (unfair competition).  *See* Fed. R. Civ. P. 12(b)(6).

## II.   Standard for Motion to Dismiss

In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them.  *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). "Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. . . . Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions [such as Rule 9(b)]." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Generally, the Court may not look beyond the pleadings.  *See Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 936 (5th Cir. 1988).

Dismissal for failure to state a claim is not favored by the law.  *Id.* at 926.  A Plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Adolph v. Federal Emergency Mgmt Agency*, 854 F.2d 732, 735 (5th Cir. 1988) (holding that the court may dismiss a claim under Rule 12(b)(6) only if "it appears to a certainty that no relief can be granted under any set of facts provable in

support of its allegations or if the allegations, accepted as true, do not present a claim upon which

relief can be legally obtained."). There are times, however, "when a court *should* exercise its power

to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Mahone*, 836

F.2d at 927 (emphasis in original).

With these standards in mind, the Court turns to the counterclaims at issue.

**III.     Analysis**

A.     Counterclaim III: Tortious Interference with Business Relations

Plaintiff moves for dismissal of Counterclaim III, tortious interference with

prospective business relationship, on grounds that as a matter of law, Plaintiff's conduct was not

tortious. In response, Defendant alleges that Plaintiff wrote a false warning letter to Defendant in

2004 that interfered with a prospective lease agreement with Northpark Mall in Dallas. Defendant

argues that the 2004 letter, in which Plaintiff demanded that Defendant cease committing trademark

violations and breach of contract, caused Defendant to postpone lease negotiations, which ended in

Northpark's assigning Defendant a less advantageous location in the mall because of the delay.

Under Texas law, the elements of a claim for tortious interference with prospective

business relationship are (1) a reasonable probability that the parties would have entered into a

contractual relationship; (2) an independently tortious or unlawful act by the defendant that

prevented the relationship from occurring; (3) a conscious desire by the defendant to prevent the

relationship from occurring, or knowledge by the defendant that the interference was certain or

substantially certain to occur as a result of his conduct; and (4) actual harm or damage suffered by

the plaintiff as a result of the defendant's interference. *Allied Capital Corp. v. Cravens*, 67 S.W.3d

486 (Tex. App. -- Corpus Christi 2002, no writ); *see Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d

711, 715-28 (Tex. 2001); *Bradford v. Vento*, 48 S.W.3d 749, 757 (Tex. 2001). This analysis focuses on the second requirement.

In 2001, the Texas Supreme Court held unequivocally that to form the basis of tortious interference, a party's conduct must be actionable under a recognized tort independent of the claim of interference. *See Sturges*, 52 S.W.3d at 726. Examples given by the court include fraudulent statements made to third parties, physical assault on prospective customers, and illegal boycott. *See id.* In distinguishing tortious interference with a prospective relationship from tortious interference with an existing contract, the *Sturges* court noted that when two parties are competing for a business interest to which neither is contractually entitled, a cause of action cannot arise from lawful conduct, even if that conduct is regarded as "unfair." *Id.* at 726-27 ("[H]arm that results only from lawful competition is not compensable by the interference tort."). Inherent in the court's reasoning is a stricture against commercial parties abusing the court system to seek relief for events that fall within the broad realm of ordinary business dealings.

In this case, the requirement of an independently unlawful act is not met. Defendant cites no case law in which a demand letter sent to a competitor in the normal course of business is held to be a recognized tort. Even if the allegations in the 2004 letter prove to be overstated or indeed false, Texas law is clear that "sharp" business conduct in the absence of actual fraud (for which Defendant makes no showing) is not in and of itself actionable. *Id.* Because the 2004 letter is the sole basis for defendant's claim and is insufficient on its face to support that claim, Defendant has no cause of action for tortious interference with prospective business relations.

Accordingly, Plaintiff's motion to dismiss Defendant's Counterclaim III is **GRANTED**.

4

B.    Counterclaim IV: Fraudulent Misrepresentation

Plaintiff next moves to dismiss Defendant's counterclaim for fraudulent misrepresentation on the grounds that it does not meet the required pleading standard. Under the Federal Rules of Civil Procedure, a complainant must state with particularity circumstances alleging fraud. Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"); *Tuchman*, 14 F.3d at 1067 (requiring under Rule 9(b) that a complainant state the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby") (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992)); *see also Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir.1997), *cert. denied*, 522 U.S. 966. Fraudulent intent or other requirement for state of mind "may be averred generally." Fed. R. Civ. P. 9(b).

In this case, Defendant's counterclaim for fraudulent misrepresentation arises out of an expressly designated written correspondence between the parties in 1985. *See* Def.'s Answer and Counterclaim ¶¶ 55-64; Def.'s Resp. at p. 5 & nn. 21-27. The letter itself is attached to the Defendant's pleading. Although the basis of the fraud counterclaim appears tenuous at best, Plaintiff is under sufficient notice of that basis to pursue its defense appropriately at this stage of the proceedings. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Tuchman*, 14 F.3d at 1067 (noting that reasons behind the heightened pleading standard for Rule 9(b) include providing defendants with fair notice of a plaintiff's claims and preventing plaintiffs from fishing for unknown wrongs).

Plaintiff's motion to dismiss Counterclaim IV is therefore **DENIED.**

C.    Counterclaim IX: False Representation

Plaintiff moves for dismissal of Defendant's counterclaim for false representation on grounds that it is not supported by sufficient factual pleading. Defendant responds that its counterclaim is reciprocal to Plaintiff's claim for false representation against Defendant. That is, Defendant supports its counterclaim only by stating in its pleading that if Defendant is guilty of false representation in Texas, then Plaintiff is guilty of false representation everywhere else the parties compete. *See* Def.'s Counterclaim at ¶ 98.

In a claim for false representation, the claimant must prove that (1) the other party made false statements of fact about the goods in question; (2) those statements deceived, or had the potential to deceive, a substantial segment of potential customers; (3) the deception was material, in that it tended to influence purchasing decisions; (4) the party caused their products to enter interstate commerce; and (5) the claimant has been or is likely to be injured as a result. 15 U.S.C. § 1125(a)(1) (Lanham Act); *Taylor Made Golf Co. v. MJT Consulting Group, LLC*, 265 F. Supp. 2d 732, 745 (N.D. Tex. 2003). The central inquiry is whether the accused party is confusing customers by passing off its goods or services as those of the complaining party. *See Volkswagenwerk Aktiengesellschaft v. Rickard*, 492 F.2d 474, 478 (5th Cir. 1974).

In this case, Defendant seeks affirmative relief but does not allege any affirmative conduct supporting the elements of a cause of action for that relief. Even under the "notice pleading" standard of Rule 8(a), Defendant's pleadings fall short of the minimum required to allow Plaintiff to defend the action appropriately. *See Thrift v. Estate of Hubbard*, 44 F.3d 348, 356 n. 13 (5th Cir. 1995) (noting that even under liberal notice pleading, plaintiffs are required to "identify the grounds

6

upon which their claims are based") (quoting *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir.1991)).

Accordingly, as to Counterclaim IX Plaintiff's motion to dismiss is **GRANTED**. Defendant may file an amended counterclaim to remedy the deficiency.

  D.  <u>Counterclaims VIII and X: Federal Trademark Infringement, and Unfair Competition</u>

Plaintiff moves for dismissal of Defendant's counterclaims for federal trademark infringement and for unfair competition on the same grounds of insufficiency: that Defendant has failed to allege conduct supporting the elements of those causes of action.   The Court agrees. Defendant will be held to the same pleading standard of factual specificity for its counterclaims as Plaintiff was held for those same claims against Defendant. *See Just Add Water, Inc. v. Everything But Water, Inc.*, Civ. No. 3:04-CV-2085-H, order at 6-7 (N.D. Tex. May 18, 2005) (dismissing Plaintiff's claims without prejudice); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

As to Counterclaims VIII and X, Plaintiff's motion is **GRANTED**.   Defendant may file an amended pleading to remedy the deficiency.

**IV.**  **Conclusion**

For the foregoing reasons, Plaintiff's Rule 12(b)(6) motion to dismiss Defendant's Counterclaims is **GRANTED IN PART** and **DENIED IN PART**.

Defendant's Counterclaim Count III (tortious interference with prospective business relationship) is **DISMISSED WITH PREJUDICE**  for failure to state a claim for which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).

Defendant's Counterclaim Counts VIII (federal trademark infringement), IX (false representation), and X (unfair competition) are **DISMISSED WITHOUT PREJUDICE**. Defendant may file an amended pleading by **<u>noon, October 3, 2005</u>**, remedying the deficiencies. If such a pleading is not timely filed, the counterclaims will be dismissed with prejudice on that date.

In all other things, Plaintiff's motion to dismiss is **DENIED.**

SO ORDERED.

DATED:   September 23, 2005

**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**